McKinney, J.,
delivered the opinion of the. Court.
This bill was filed to recover the wife’s distributive share of certain slaves, alleged to have been the property of Banks B. Gover, the former husband of the complainant, Elizabeth. Said Gover died intestate, in Alabama, upwards of twenty years ago, leaving his widow (complainant Elizabeth) and two children, Anthony and Samuel Gover, surviving him. Anthony Gover died, intestate, and without issue, several years ago. Samuel Gover died in 1857.
On the deatli of Banks B. Gover, his father, Samuel Gover, became administrator of his estate. And with the money of the estate, he purchased a female slave named Evaline, for the benefit of the widow and children of his deceased son's estate. The administrator retained said slave in his possession, in Alabama, until the early part of the year 1854, during which time she gave birth to several children.' At the period stated, the slaves were brought to Tennessee, at the request of the administrator, by Samuel Gover, the surviving son of Banks B. Gover, who placed one of them in the possession of the complainants, and retained the others in his own possession up to the time of his death — a period of more than three years.
The proof sufficiently establishes, that said slaves were held by the administrator, as the property of the estate of Banks B. *700 Gover, up to 1854. It is also proved that Samuel Gover, one of the distributees, received them into his possession, from the administrator, and brought them to Tennessee, as the property of said estate. There is evidence tending to show that Samuel Gover, after the slaves were brought to this State, entertained the purpose of excluding liis mother (the complainant Elizabeth) from sharing with him in the division. But there is no such evidence of an exclusive, adverse claim to the slaves, continued for the period of three years, and known to his co-tenant, as would vest a title in him, under the statute of limitations. This ground of defence is wholly untenable. Having received the slaves into his possession, as 'the joint property of himself and the complainant, Elizabeth, the law presumes that he-continued to hold them as such. And to displace this presumption, the fact must be affirmatively proved, by clear and convincing evidence, not merely that he held the possession for himself, and adversely to his co-tenant, for the length of time required to give title by the statute; but, in addition, that his co-tenant had full knowledge of such adverse claim and holding, during all that period of timo. The defence of the statute of limitations, in such a case, standing directly opposed to the presumption of law, is not to be allowed, except upon the most satisfactory proof of the facts before stated ; and the burden of proof is on the party setting up this defence.
The fact that the interest of the estate of Anthony Gover is not represented — no administrator having been appointed thereon — interposes no obstacle to the determination of the case.
The principle being established that, in the present state of the law, in case of a person dying intestate, the title to slaves passes directly to the distributees, subject to the trust in the personal representative, in behalf of the estate, and of creditors, it necessarily results, that, as between themselves, and as against all others, except creditors of the estate, the title of the distributees must be regarded as complete, without the assent of the administrator. Hence, it is clear that, on the *701 death of Anthony Go ver, intestate, and without issue, his interest in the slaves vested immediately in his mother and surviving brother, under the statute of distributions ; and in a bill for division of the slaves between them, there is no necessity for an administrator of Anthony Gover’s estate being before the court; inasmuch as it is not alleged that there are any matters of equity to be adjusted between his estate and the parties to this suit.
There is no error in the decree, and it will be affirmed.